1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                  CENTRAL DISTRICT OF CALIFORNIA

8                           WESTERN DIVISION

| | |
|---|---|
| VITAL PHARMACEUTICALS, INC. d/b/a Bang Energy; JHO INTELLECTUAL PROPERTY HOLDINGS, | Case No. 2:20-cv-06745-RSWL-JCx |
| Plaintiffs, | DISCOVERY MATTER |
| v. | **STIPULATED PROTECTIVE ORDER** |
| PHD MARKETING, INC.; DOES 1 to 10, | **[CHANGES MADE BY COURT TO PARAGRAPHS 3, 6, 7.1, 8, 9 & 12.3]** |
| Defendants. | |

QB\66281096.2

# [PROPOSED] PROTECTIVE ORDER

## 1.    A.    Purposes and Limitations

Disclosure and discovery activity in this action will likely involve producing confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal without further order of the Court; Civil Local Rule 79-5 sets forth the required procedures and standards that will be applied when a party seeks permission from the Court to file material under seal. Any use of Protected Material at trial will be governed by a separate agreement or order.

## B.    Good Cause Statement

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Further, the Parties anticipate that Non-Party information may be produced in this action.

Without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by Non-Parties will or may include:

(1)     Confidential business or financial information that is not generally known to the trade or competitors, including financial data at a level of detail beyond that disclosed to the public and financial information relating to specific sales, costs and profits, and pricing strategies for specific products and product lines;

(2)     Information regarding confidential business practices, or other confidential research, development, or commercial information, including confidential business, marketing, or sales plans and product information that are not generally known to the trade or to competitors, including non-public information relating to product development and design;

(3)     Commercially sensitive information regarding the development, production, marketing, branding, sales or promotion of the Party's products or finances, the disclosure of which would harm the competitive position of the Party or Non-Party from which the information is obtained;

(4)     Information implicating privacy rights of third parties, including information received from a Non-Party that a Party is required to disclose only under conditions of confidentiality;

(5)     Information otherwise unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, address their handling at the end of the litigation, and serve the ends of justice, and believing that good cause exists, a protective order for such information is justified in this matter. The Parties intend that information will not be designated as confidential for tactical reasons and that nothing be so

designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.** **Definitions**

2.1 <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: Information that falls within one of the categories set forth under the Good Cause statement.

2.3 <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Extremely sensitive "Confidential Information or Items" which would create a substantial risk of serious harm if it were disclosed to another Party or Non-Party.

2.4 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel, including their support staff.

2.5 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 <u>Disclosure or Discovery Material</u>: All items or information (e.g., testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter, regardless of the medium or manner in which it is generated, stored, or maintained.

2.7 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party to serve as an expert witness or as a consultant in this action, (2) is not a current officer, director or employee of a Party or of such Party's competitor, and (3) at the time of retention or the time of disclosure of Protected Material, is not anticipated to become an officer, director or employee of a Party or of such Party's competitor.

///

2.8   House Counsel: Attorneys who are employees of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party.

2.10   Outside Counsel of Record: Attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11   Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record, and their support staffs.

2.12   Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material.

2.13   Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data) and their employees and subcontractors.

2.14   Protected Material: Any Disclosure or Discovery Material, pleading, or other document or information that is designated as "CONFIDENTIAL," or as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   Scope**

This Stipulation and Order covers Protected Material and (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material other than during a court hearing or at trial. However, this

QB\66281096.2

Stipulation and Order does not cover: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   <u>Duration</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   <u>Designating Protected Material</u>**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development

///

process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced. Nothing in this Order shall prevent a Designating Party from using and disclosing its Protected Material in any way. Nothing is this Order shall restrict any Counsel from advising their client with respect to this action and from relying in a general way upon an examination of information designated pursuant to this Order in giving such advice; provided, however, that in giving such advice and communicating with the client, Counsel shall not disclose the substance or contents of any "CONFIDENTIAL – ATTORNEYS EYES ONLY" information except to persons permitted such access under this Order.

Designation in conformity with this Order requires:

(a)     <u>Documents or Things</u>. "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment is obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the particular document or thing.

(b)     <u>Interrogatory Answers and Responses to Requests for Admissions</u>. In answering any interrogatory or request for admission, or any part, a Party may designate its answer as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

///

QB\66281096.2

(c) <u>Deposition Testimony</u>. Any Party or Non-Party giving deposition testimony may obtain "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment by designating the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the course of that testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript with the term "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." During the course of deposition testimony, if any Party or Non-Party reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" information, all persons must be excluded from the room in which the deposition testimony is given, except those persons entitled to receive such information pursuant to paragraphs 7.2 and 7.3. Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," all transcripts of deposition testimony, any related exhibits, and all information adduced in deposition, shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in their entirety for a period of fourteen (14) calendar days after receipt of the transcript by Counsel for the Designating Party. Within that fourteen (14) calendar day period, the Designating Party may designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (whether or not previously designated as such) by notifying all Parties in writing of the portions of the transcript or exhibit which contain such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in their possession, custody or control. These portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be treated in

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 5.2(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 5.2(c).

(d)  In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" has the effect of designating the entire contents and all stored data, as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(e)  Except as otherwise provided in this Protective Order, the Receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or Non-Party desiring to so designate the document, thing or information from so designating thereafter; provided that after discovering any omission of marking, the Party or Non-Party promptly and in good faith marks the document, thing or other information and makes a written request that each Receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall be fully subject to this Protective Order. No Party shall incur liability for any disclosures made prior to notice of such designation, except to the extent that any such disclosures occurred prior to the time periods proscribed by this Protective Order, including the time periods provided in Paragraph 5.2(c).

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such

material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.** **<u>Challenging Confidentiality Designations</u>**

If a Party contends that any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation has been erroneously or improperly made, the material at issue shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," as the case may be, under the terms of this Order until (i) the Parties reach a written agreement or (ii) this Court issues an order determining that the material is not entitled to the level of protection to which it is entitled under the Designating Party's designation. If the counsel for a Party receiving material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" objects to such designation, said counsel shall advise counsel for the Designating Party in writing of such objections, the specific designated material (identified by Bates number, if possible) to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have twenty-one (21) days from receipt of the written Designation Objections to respond in writing as to whether the designations will be maintained or withdrawn. If the Designating Party does not withdraw the designation(s), the Parties shall meet and confer in good faith to discuss the Designation Objections and attempt to resolve the dispute, within ten (10) days of the Designating Party's response.

If the Parties cannot resolve the dispute regarding the designation pursuant to any or all of the Designation Objections, the Challenging Party may file a motion with the Court seeking an order to de-designate any of the challenged designations set forth in the Designation Objections (the "Designation Challenge Motion"). The Designation Challenge Motion must be filed, if at all, in accordance

with Local Rules 37-1, et seq., and not later than fourteen (14) court days after the Parties' meet and confer. Unless and until the Court orders the challenged designations stricken on resolution of the Designation Challenge Motion, the Designating Party is presumed to have designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" in good faith and any and all existing challenged designations in such Motion shall remain in place. The Designating Party shall have the burden of establishing the applicability of its "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation or non-designation of documents or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    <u>Access To and Use of Protected Material</u>**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a
///

Receiving Party must comply with the provisions of section 13 below (Final Disposition).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or agreed to by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record and their employees to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the Court, jury, and court personnel;

(e)   court reporters and their staff;

(f)   professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   during their depositions, (i) the Designating Party or (ii) witnesses in the action to whom disclosure is reasonably necessary and who have either signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or who acknowledge on the record and under oath under penalty of perjury his or her obligation to maintain the confidentiality of the "CONFIDENTIAL" information

subject to sanctions and punishment before the Court in the nature of contempt for failure to so comply, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Witnesses shown Protected Material shall not be allowed to retain copies;

(h)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)  mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential; and

(j)   any mediator assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

7.3     Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record and their employees to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court, jury, and court personnel;

(e)  court reporters and their staff;

///

///

13

(f)  professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, the Designating Party; and

(i)  any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

**8.      Protected Material Subpoenaed Or Ordered Produced In Other Litigation**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)  promptly notify the Designating Party in writing and provide a copy of the subpoena or court order to the Designating Party;

(b)  promptly notify, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order and provide a copy of this Stipulated Protective Order to such party; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or unless

otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.**     **A Non-Party's Protected Material Sought To Be Produced In This Litigation**

(a)     The terms of this Order are applicable to information produced by a Non-Party through a subpoena or otherwise and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify, in writing, the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this  Court within fourteen (14) days of receiving the notice and accompanying

Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.      Unauthorized Disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify the Designating Party of the unauthorized disclosures in writing, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

**11.      Inadvertent Production of Privileged Or Otherwise Protected Material**

If through inadvertence, a Party or Non-Party produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the Designating Party or Non-Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or Non-Party. The Receiving Party shall promptly return to the producing Party or Non-Party the inadvertently disclosed document and all copies of such document and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim. Return

of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

**12.**    <u>**Miscellaneous**</u>

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>. Nothing contained in this Protective Order shall affect the right of any Party or Non-Party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

12.3    <u>Filing Protected Material</u>. Any Receiving Party is authorized under <u>Local Rule</u> 79-5, as such Rule may be amended from time to time, to request the filing under seal with the Court of any brief, document or materials that are designated as Protected Material under this Order. A Party that seeks to file under seal any Protected Material must comply with <u>Local Rule</u> 79-5, and may only file such Protected Material under seal pursuant to a Court order authorizing the sealing. A Receiving Party shall not file any Protected Material in the public record.

///

///

QB\66281096.2

12.4    The parties to the litigation agree to be bound by the terms of this Protective Order upon submission of same to the Court for entry in this matter, prior to actual execution and entry of this Protective Order by the Court.

12.5    This Order does not limit the admissibility of any evidence.

**13.    <u>Final Disposition</u>**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED.

1   DATED:  May 3, 2021             QUARLES AND BRADY, LLP

2
                                    By:/s/Michael W. Carwin
3                                       Nicole M. Murray
4                                       Johanna M. Wilbert
                                        Michael W. Carwin
5                                       *Attorneys for Plaintiffs Vital*
6                                       *Pharmaceuticals, Inc. and JHO*
7                                       *Intellectual Property Holdings, LLC*

8   DATED:  May 3, 2021             GORDON REES SCULLY MANSUKHANI,
                                    LLP
9
10                                  By: /s/ A. Louis Dorny (with consent)
11                                      Susan B. Meyer
                                        A. Louis Dorny
12                                      *Attorneys for Plaintiffs Vital*
13                                      *Pharmaceuticals, Inc. and JHO*
14                                      *Intellectual Property Holdings, LLC*

15  DATED:  May 3, 2021             NEXIO, PC

16
17                                  By: /s/Imran F. Vakil (with consent)
                                        Imran F. Vakil
18                                      Randal Robinson
19                                      *Attorney for Defendant PhD*
                                        *Marketing, Inc.*
20
21  DATED:  May 3, 2021             ALLEN, DYER, DOPPELT & GILCHRIST,
                                    P.A.
22
23                                  By: /s/Ryan Santurri (with consent)
24                                      Ryan Santurri
                                        *Attorney for Defendant PhD*
25                                      *Marketing, Inc.*

26

27

28

QB\66281096.2

19

1    PURSUANT TO STIPULATION, AND BASED ON GOOD CAUSE
2  SHOWN, IT IS SO ORDERED AS MODIFIED.

3
4    DATED:  May 4, 2021

5
6                                            /s/
7                                    Hon. Jacqueline Chooljian
8                                    United States Magistrate Judge

QB\66281096.2

20

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____[print or type full name], of

_____

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on May 4, 2021 in the case of *Vital Pharmaceuticals, Inc. v. PhD Marketing, Inc.*, Case No. 2:20-cv-06745- RSWL-JCx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____[print or type full name] of

_____

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

QB\66281096.2